**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**TIM AXELSON,
ADC #97108**                                                                                          **PLAINTIFF**

**v.**                                        **CASE NO. 5:15-CV-00241 BSM**

**RANDALL WATSON, et al.**                                                                **DEFENDANTS**

**ORDER**

The partial recommended disposition ("PRD") submitted by United States Magistrate Judge Beth Deere [Doc. No. 114] and plaintiff Tim Axelson's objection [Doc. No. 118] have been reviewed. After *de novo* review of the entire record, the PRD is adopted in part and rejected in part. In addition to allowing Axelson to proceed on his claims against defendants Moses Jackson and Floria Washington, who were specifically identified by name during the grievance process, Axelson may proceed on his claims against defendants Randall Watson, Kennie Bolden, William Connor, Telicia Mothershed, and John Rogers because "the [claims] in which the failure to name a defendant requires dismissal are those [claims] in which the failure . . . prevented the ADC from investigating the grievance on the merits." *Daniels v. Hubbard*, No. 5:14CV00360 BSM, 2015 WL 9222627, at *1 (E.D. Ark. Dec. 17, 2015).

Warden Randall Watson was sufficiently identified as "the warden" in grievance VSM-13-00993 [Doc. No. 96-5] and as one responsible for releasing Axelson back into the general population. Major Kennie Bolden, as chief of security, was sufficiently identified

in grievance VSM-13-00768 [Doc. No. 96-3] as "he[a]d of security" responsible for failing to protect Axelson, and the same applies to Captain William Connor to the degree that he functioned as a head of security responsible for ensuring a sufficient number of guards were assigned to each post. *See* Compl. ¶ 18, Doc. No. 2. Telicia Mothershed was sufficiently identified in grievance VSM-13-00768 [Doc. No. 96-3] because Axelson provided the date, time, and exact location of the incident and complained that the female officer supervising barracks 19, 20, 21, and 22 was responsible for failing to protect Axelson from the attacker she let into the barracks. Finally, Officer John Rogers was also sufficiently identified in grievance VSM-13-00768 [Doc. No. 96-3] as "the officer at [barracks] 13-14" who let Axelson's attacker through to the new building. Although Axelson did not use individual names for these defendants as required by the ADC's Inmate Grievance Procedure, each of these grievances allowed the ADC to realize the benefits of the exhaustion requirement and decide each grievance on the merits with respect to each of the aforementioned defendants, thus making summary judgment on the issue of exhaustion for the failure to name defendants inappropriate for Watson, Bolden, Connor, Mothershed, and Rogers. *See Daniels*, 2015 WL 9222627, at *2.

To the contrary, Axelson's failure to name the rest of the individual defendants did prevent the ADC from being able to investigate the merits of his grievances against them as individuals. Therefore, summary judgment is appropriate for defendants Ashlee Shabazz, Mark Stephens, Myheisia Jones, Travis Goins, Larry Louis, Gary Williams, Deborah Andrews, Shondreka Cooper, James Plummer, and Freddie Gibson.

Accordingly, defendants' motion for summary judgment [Doc. No. 96] is granted

in part and denied in part. The clerk is directed to terminate defendants Ashlee Shabazz, Mark Stephens, Myheisia Jones, Travis Goins, Larry Louis, Gary Williams, Deborah Andrews, Shondreka Cooper, James Plummer, and Freddie Gibson. Axelson's claims against defendants Jackson, Washington, Watson, Bolden, Connor, Mothershed, and Rogers may proceed.

IT IS SO ORDERED this 4th day of November 2016.

_____
UNITED STATES DISTRICT JUDGE