## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

TIM AXELSON                                                                              PLAINTIFF
ADC #97108

v.                          CASE NO. 5:15-CV-00241 BSM

RANDALL WATSON, et al.                                                               DEFENDANTS

## ORDER

The partial recommended disposition [Doc. No. 169] submitted by United States Magistrate Judge Beth Deere has been received. Both parties have submitted objections. [Doc. Nos. 173, 175]. After careful consideration and *de novo* review of the record, the partial recommended disposition is adopted, and defendants' motion for summary judgment [Doc. No. 152] is granted and denied in part.

Defendants insist that this case is not properly presented as an understaffing case, and instead, that it should be analyzed as a surprise-attack case. Doc. No. 175 ¶ 54. This dichotomy is insignificant. All attacks on prison inmates likely constitute a "surprise attack" to some degree. Further, as defendants acknowledge, *id.* ¶ 16, the legal standard does not change depending on this classification: deliberate indifference may be found when a prison "official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Krein v. Norris*, 309 F.3d 487, 492 (8th Cir. 2002) ("defendants' lack of knowledge that the particular attack would occur does not extinguish the legal existence of his claim"); *Cantrell v. Norris*, No. 5:05CV00157 JMM, 2010 WL 3927792, at *5 (E.D. Ark. Oct. 1, 2010) ("For the purposes of failure to protect claims, it

does not matter ... whether a prisoner faces an excessive risk of attack for reasons personal to [him] or because all prisoners in [his] situation face such a risk."), *aff'd sub nom. Cantrell v. Huckabee*, 433 F. App'x 488 (8th Cir. 2011).

It is also notable that defendants insist that this case is distinguishable from *Krein* because the Varner Unit in which Axelson was incarcerated "did not fail to abide staffing requirements," because "[d]uring all relevant times, the Varner Unit was staffed appropriately," and because "Warden Watson has never allowed the Varner unit to operate without meeting staffing requirements." Doc. No. 175 ¶¶ 67, 68. "Thus, unlike the *Krein* facts," defendants assert, "it is undisputed that the Varner Unit had not failed to follow staffing and security protocols." *Id.* ¶ 73. Defendant Telicia Mothershed admits, however, that the Varner Unit was understaffed according to Arkansas law and unit policy on February 10, 2013, one of the dates on which Axelson was attacked, and a mere three days after his first attack. Doc. No. 166, at 49. While being understaffed according to various policies or laws may not be dispositive, it is relevant, and this contradiction demonstrates a dispute of material fact as to the staffing conditions at the time of Axelson's attacks. Axelson also asserts that, based on his personal experience, the Varner Unit is artificially staffed for the purposes of satisfying the accreditation process. Doc. No. 164, at 7.

For these reasons, the partial recommended disposition [Doc. No. 169] is adopted, and the defendants' motion for summary judgment [Doc. No. 152] is granted and denied in part. All claims for money damages against defendants in their official capacities are dismissed, and Axelson's claims against Watson, Jackson, Washington, Bolden, Connor, Mothershed,

and Rogers may proceed.

IT IS SO ORDERED this 30th day of January 2018.

_____
UNITED STATES DISTRICT JUDGE